UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ITR Group, Inc., and ITR Mobility, LLC,

    Plaintiffs,

v.                                                        Civil No. 15-2452 (JNE/SER)
                                                       ORDER

Upp Technology, Inc.,

    Defendant.

    Invoking the jurisdiction conferred by 28 U.S.C. § 1332 (2012), ITR Group, Inc., and ITR Mobility, LLC, brought this action against Upp Technology, Inc., for breach of contract and unjust enrichment. Observing deficiencies in ITR Group and ITR Mobility's jurisdictional allegations, the Court grants ITR Group and ITR Mobility an opportunity to file an amended complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)).

    A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. &*

*Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). ITR Group and ITR Mobility bear the burden of alleging each party's citizenship. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In the Complaint, ITR Group and ITR Mobility alleged that ITR Group is a Minnesota corporation whose principal place of business is in Minnesota; that ITR Mobility "is a Minnesota limited liability company" whose principal place of business is in Minnesota; that ITR Mobility is "a subsidiary of ITR Group"; that "none of [ITR Mobility's] members are residents of the State of Illinois"; that Upp Technology is an Illinois corporation whose principal place of business is in Illinois; and that the amount in controversy exceeds $75,000. ITR Group and ITR Mobility alleged that ITR Group is a citizen of Minnesota and that Upp Technology is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). They failed to allege ITR Mobility's citizenship.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its

complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005.

As noted above, ITR Group and ITR Mobility alleged that "none of [ITR Mobility's] members are residents of the State of Illinois." They failed to allege the citizenship of ITR Mobility's members. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) ("[I]t is simply incorrect to say Reece's Arkansas residency establishes Arkansas citizenship for the purpose of diversity jurisdiction."); *D.B. Zwirn Special Opportunities Fund*, 661 F.3d at 125-27 ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'" (alteration in original)); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) ("For fourteen of these entities, Appellees assert that 'none of its members is an Oregon citizen,' but do not identify of what state they are a citizen nor whether they are composed of another layer of partnerships. In light of Appellees' burden to establish complete diversity, such conclusory statements are insufficient."). Having failed to allege the citizenship of ITR Mobility's members, ITR Group and ITR Mobility have not satisfied their burden of alleging complete diversity of citizenship.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012); *see Dubach v. Weitzel*, 135 F.3d 590, 593

(8th Cir. 1998).  Accordingly, the Court grants ITR Group and ITR Mobility an opportunity to file an amended complaint.  Unless they file an amended complaint that redresses the deficiencies noted above within seven days of the date of this Order, the Court will dismiss this action for lack of subject-matter jurisdiction.

 IT IS SO ORDERED.

Dated: May 13, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
