UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ITR Group, Inc., a Minnesota corporation,
and ITR Mobility, LLC, a Minnesota
limited liability company,

       Plaintiffs,

v.                                                          Case No. 15-cv-2452 (JNE/SER)
                                                              ORDER

Upp Technology, Inc., an Illinois corporation,

       Defendant.

This matter is a contract dispute between Plaintiffs ITR Group, Inc. and ITR Mobility, LLC (collectively "ITR"), and Defendant Upp Technology, Inc. It is before the Court on ITR's motion for judgment on the pleadings, ITR's motion for partial summary judgment, and Upp's motion to strike. For the reasons provided below, the motions are denied.

## BACKGROUND

ITR provides information technology services that include customizing mobile applications so they run on otherwise incompatible operating systems, such as Microsoft Windows and Apple iOS. Upp is a technology company that provides a cloud-based warehouse system. Upp's system, called irms360, runs on the Microsoft Windows platform.

In the spring of 2014, ITR and Upp began discussions about how to make Upp's application compatible with Apple devices. On March 31, 2014, the parties entered into a Master Services Agreement ("MSA") that outlined the contractual relationship between the parties and provided that "ITR shall perform the Services and provide the Deliverables as described in the SOWs [Statements of Work]." The parties also entered into a Framework License Agreement ("FLA") whereby ITR agreed to license its proprietary framework to Upp for use in irms360.

On the same day, the parties entered into the First SOW. ITR invoiced, and Upp paid for, services provided under the First SOW. On July 25, 2014, the parties entered into the Second SOW, under which the project was to be "performed on a Time and Materials basis and invoiced monthly." On August 19, 2014, the parties entered into a Third SOW, which was also on a time and materials basis and invoiced monthly. It is undisputed that, in late 2014, Upp stopped paying the invoices. On April 16, 2015, ITR sent a notice terminating the MSA and FLA.

ITR filed suit, alleging breach of contract and unjust enrichment. Upp filed an answer to the amended complaint and brought counterclaims for breach of contract, unjust enrichment, and negligent misrepresentation. On July 22, 2015, ITR moved for judgment on the pleadings with respect to the negligent misrepresentation counterclaim and for partial summary judgment on its breach of contract claim. On September 8, Upp moved to strike portions of ITR's reply and supporting declaration.

## DISCUSSION

### I. Motion for Judgment on the Pleadings

Since ITR filed its motion for judgment on the pleadings with respect to the negligent misrepresentation counterclaim, Upp has moved to amend the counterclaim. The motion for judgment on the pleadings is now denied as moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint.").

### II. Motion for Partial Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to

particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view facts that the parties genuinely dispute in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

ITR devotes two pages of its initial supporting memorandum to argue that it deserves partial summary judgment on its breach of contract claim and should be awarded over $240,000, which represents the sum of the relevant unpaid invoices plus interest. ITR's theory of liability is that Upp has not satisfied the obligations that arose upon termination. ITR seems to rely on the termination clause in section 10.6 of the MSA, which states that, within 15 days of termination, Upp must return proprietary information to ITR, erase or destroy deliverables not yet accepted under their agreements, and "remit payment to ITR for all monies not yet paid to ITR that have accrued under the terms and conditions of this Agreement and all SOW's and Change Orders attached hereto, including all monies accrued prior to and on the date of termination."

Upp cites to the termination clauses in the three SOWs and argues that ITR has not submitted evidence showing that Upp is liable under those terms. Those termination clauses state: "Upon termination of this SOW, unless otherwise agreed to in writing by Company, Company's sole obligation to Supplier will be for any unpaid Services: (i) performed in response to an authorized request from Company, and (ii) deemed acceptable to Company." Upp's argument that these clauses control is bolstered by a conflicts clause in the SOWs, which states:

"In the event of a conflict between the terms and conditions of this SOW or the [Master Services] Agreement, the terms and conditions of this SOW will control as to the conflict."

In its reply, ITR responds to Upp's argument about the SOWs in a footnote. ITR does not explain why the termination clauses in the SOWs do not apply. ITR also does not sufficiently demonstrate that, if the clauses do apply, ITR should still prevail on its motion.

Viewing the record in the light most favorable to Upp, the Court cannot conclude at this time that ITR is entitled to partial summary judgment on its breach of contract claim.

### III.   Motion to Strike

Upp has moved to strike portions of ITR's reply brief and supporting declaration. The Court denies the motion to strike. *See Zellner–Dion v. Wilmington Fin., Inc.,* Civil No. 10–2587, 2012 WL 2952251, at *1 n. 1 (D. Minn. July 19, 2012); *Carlson Mktg. Grp., Inc. v. Royal Indem. Co.,* Civil No. 04–3368, 2006 WL 2917173, at *2–3 (D. Minn. Oct. 11, 2006).

### CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. ITR's motion for judgment on the pleadings and motion for partial summary judgment [Docket No. 20] is DENIED;
2. Upp's motion to strike [Docket No. 34] is DENIED.

Dated:  November 2, 2015

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge